**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| RICHARD S. BROWN, ) | Case No. 21-13400-MDC |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JONATHAN SETHNA and ) | |
| CHRISTINE SETHNA, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD S. BROWN, ) | |
| Defendant. ) | Adv. Pro. No. 22-00034-MDC |
| ) | |

## ORDER

**AND NOW**, on June 27, 2022, Jonathan and Christine Sethna (the "Plaintiffs") filed an Amended Complaint[1] in the above-captioned adversary proceeding, seeking a determination that a debt Richard S. Brown (the "Debtor") owes to them pursuant to a settlement agreement (the "Settlement Agreement") and stipulated judgment (the "Judgment") obtained in Pennsylvania state court (the "Pennsylvania Litigation") is nondischargeable pursuant to §§523(a)(2)(A) and 523(a)(6) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**AND**, on July 26, 2022, the Debtor filed an Answer[2] to the Amended Complaint.

---

[1] Adv. Pro. Docket No. 11.

[2] Adv. Pro. Docket No. 12.

29922773v.1

**AND**, on January 12, 2023, the Plaintiffs filed a partial motion for summary judgment (the "Summary Judgment Motion")[3] with respect to their claim under §523(a)(2)(A) of the Complaint.

**AND**, on February 2, 2023, the Debtor filed a response (the "Response")[4] to the Summary Judgment Motion.

**AND**, on February 13, 2023, the Court held a hearing on the Summary Judgment Motion.

It is hereby **ORDERED, ADJUDGED, and DETERMINED** that:

1.  The Summary Judgment Motion is **GRANTED**.

2.  Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under, *inter alia*, §1328(b) does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A).  To establish that the Debtor's debt to them is nondischargeable pursuant to §523(a)(2)(A) because it was incurred by the use of false representations, the Plaintiffs must establish by a preponderance of the evidence the following elements: (1) the Debtor made representations knowing they were false; (2) the Debtor made the representations with the intent and purpose of deceiving the Plaintiffs; (3) the Plaintiffs justifiably relied on the Debtor's false representations; and (4) the Plaintiffs suffered a loss or damage as a proximate consequence of the representation having been made. *Field v. Mans*, 516 U.S. 59, 61 (1995) (stating elements of a §523(a)(2)(A) claim for false representations).

3.  The Settlement Agreement resolved the Plaintiffs' fraud and breach of contract

---

[3] Adv. Pro. Docket No. 26.

[4] Adv. Pro. Docket No. 30.

claims against the Debtor related to his agreement to build their residence in Philadelphia. See Summary Judgment Motion, at Ex. C. The Settlement Agreement provided, among other things, for the entry of the Stipulated Judgment in the Pennsylvania Litigation against the Debtor and his wholly-owned company, Oxford Consulting, LLC ("Oxford"), in the amount of $120,000. *Id.*[5]

4. Paragraph 11 of the Settlement Agreement the Plaintiffs and the Debtor entered into to resolve the Pennsylvania Litigation provides, in relevant part, as follows: "<u>Section 523(a)(2)(A) Stipulation</u> … The Undersigned Parties acknowledge and agree that the Litigation arose due to the fraudulent actions of [the Debtor and Oxford]. [The Debtor] acknowledges and agrees that (a) he personally and through the actions of [Oxford], did make materially false representations to [the Plaintiffs] in connection with the Agreement for Sale and building of the Property (the 'Representations') with the intent to deceive and fraudulently obtain money and property from [the Plaintiffs]; (b) [the Plaintiffs] did reasonably rely on such Representations; and (c) such Representations did cause [the Plaintiffs] material loss." *Id.* at Ex. C.

5. The Settlement Agreement is a contract between the Plaintiffs and the Debtor, and Paragraph 11 of the Settlement Agreement is an unambiguous admission by the Debtor that satisfies all elements for nondischargeability of a debt under §523(a)(2)(A) due to false representations. The Debtor cannot now escape the consequences of that admission by asserting that the admissions he made were knowingly false when he made them, and that he did so only to induce the Plaintiffs to settle their fraud and breach of contract claims against him in the Pennsylvania Litigation. *See In re WL Homes, LLC*, 452 B.R. 138, 147, n. 4 (Bankr.D.Del.2011)

---

[5] The Stipulated Judgment entered in the Pennsylvania Litigation provides for judgment in the amount of $125,000. *Id.* at Ex. D. An issue the Debtor has pressed, but which the Court cannot and will not resolve, is whether the Judgment should have been entered in the amount of $120,000, consistent with the Settlement Agreement. The Judgment was entered in the amount of $125,000, and the Court is bound by that judgment amount; to the extent the Debtor believed that amount was incorrect as inconsistent with the Settlement Agreement, that was an issue to be resolved by the Pennsylvania court that entered the Judgment.

("It has long been the common law rule that signing a document authenticates and adopts the words it contains, even if there was a lack of subjective understanding of the words or their legal effect. In essence, people are presumed to be bound by what they sign." (quoting *In re Schwalb*, 347 B.R. 726, 743 (Bankr.D.Nev.2006); *Corum Real Estate Group, Inc. v. Blackrock Realty Advisors, Inc.*, Civ. No. 09–01680, 2010 WL 1957221, at *3 (D.Colo. May 14, 2010) ("it is axiomatic that a party agrees to the things contained in a written agreement that it signs."); *Fifth Third Bank of Northwestern Ohio v. Baumhaft (In re Baumhaft)*, 271 B.R. 523, 526-27 (Bankr. E.D. Mich. 2001) (finding that debtor's intention to be bound by factual admissions of bank fraud in pre-petition settlement agreement and verified statement were evidenced by the documents and warranted summary judgment on plaintiff's nondischargeability claim).[6] The Court likewise finds meritless the Debtor's argument that the fraud was not fully litigated, but rather was settled, and that the Settlement Agreement does not detail any specific false representations. Paragraph 11 of the Settlement Agreement constitutes the Debtor's admission that he made false representations to the Plaintiffs to fraudulently obtain their money and property; the Settlement Agreement precluded the need for litigation, and no further detail is required to establish that the Debtor made false representations for purposes of §523(a)(2)(A).

6.     The Court finds that paragraph 11 of the Settlement Agreement constitutes an unambiguous admission by the Debtor that satisfies all requirements for liability under §523(a)(2)(A), and therefore entitles the Plaintiffs to judgment as a matter of law on Count I of the Amended Complaint.

---

[6] Moreover, as the Plaintiffs argue in the Summary Judgment Motion, to the extent the Debtor now asserts in this proceeding that he knew the admissions he was making in paragraph 11 of the Settlement Agreement were false and did so only to induce the Plaintiffs to settle their claims against him, this does not help the Debtor. Rather, this is an admission that in entering into the Settlement Agreement, thereby inducing the Plaintiffs to release their claims in the Pennsylvania Litigation in exchange for, *inter alia,* the Stipulated Judgment, the Debtor did so by knowingly making a false representation. Such an admission likewise renders the debt to the Plaintiffs nondischargeable.

7.     Several issues, however, remain for resolution.  First, the Debtor has asserted in the Response that the Debtors themselves breached the Settlement Agreement, and has asserted as an affirmative defense in his Answer that the Court needs to determine the amount of the Plaintiffs' claim that is nondischargeable.  At the Hearing, the Plaintiffs argued that any purported breach of contract claim by the Debtor may be waived and/or barred by the applicable statute of limitations issue (the "Breach of Contract Issue").  Second, at the Hearing the Court *sua sponte* raised whether the portion of the Plaintiffs' claim against the Debtor that is attributable to post-judgment, pre-petition interest is also nondischargeable, or alternatively, only the $125,000 principal amount of the Stipulated Judgment is nondischargeable (the "Post-Judgment Interest Issue").  Finally, at the Hearing, counsel for the Plaintiffs suggested that, if the Court were to rule in the Plaintiffs' favor with respect to summary judgment on Count I of the Complaint, they may decide not to pursue Count II of the Amended Complaint (the "Count II Issue").  As the Court is hereby granting the Plaintiffs summary judgment on Count I, the 523(a)(6) Issue requires clarification from the Plaintiffs.

8.     The Court will hold status conference on **March 14, 2023, at 11:00 a.m.**, **in Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania**, to confer with the Plaintiffs and the Debtor regarding resolution of (i) the Breach of Contract Issue, (ii) the Post-Judgment Interest Issue, and (iii) the Count II Issue.

Dated:  March 3, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

David Banks, Esquire
Banks & Banks
3038 Church Road
Lafayette Hill, PA 19444

Amy E. Vulpio, Esquire
Vincent N. Barbera, Esquire
White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395

Michael A. Cataldo, Esquire
Gellert Scali Busenkell & Brown LLC
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103