**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Richard S. Brown, | : | |
| Debtor. | : | Bankruptcy No.  21-13400-**MDC** |
| | : | |
| Jonathan Sethna and Christine Sethna, | : | |
| Plaintiffs, | : | |
| v. | : | Adversary No.  22-00034-**MDC** |
| Richard S. Brown, | : | |
| Defendants. | : | |

# **MEMORANDUM**

## **I.  INTRODUCTION**

On March 3, 2023, this Court entered an Order[1], granting partial summary judgment (the "Partial Summary Judgment Order") in favor of Jonathan and Christine Sethna (the "Plaintiffs") in an adversary action (the "Adversary Action") against Richard S. Brown (the "Debtor" or the "Defendant," and together with the Plaintiffs, the "Parties").  In the Adversary Action, the Plaintiffs sought a determination, that a debt the Debtor owed to them pursuant to a settlement agreement (the "Settlement Agreement")[2] and stipulated judgment (the "Stipulated Judgment"), which was later revived (the "Revived Judgment"), is nondischargeable pursuant to §§523(a)(2)(A) (Count I) and 523(a)(6) (Count II) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

The Partial Summary Judgment Order granted the Plaintiffs' requested relief, finding,

---

[1] Adv. Pro. Docket No. 33.
[2] Adv. Pro. Docket No. 56., at Exhibit A.

*inter alia*, that paragraph 11 of the Settlement Agreement constituted an unambiguous admission by the Debtor that satisfied all requirements under §523(a)(2)(A) of the Bankruptcy Code and therefore entitled the Plaintiffs to judgment as a matter of law on Count I. The Court noted in the Partial Summary Judgment Order that several issues in the Adversary Action remained outstanding including: (1) the breach of contract claim asserted by the Debtor (the "Breach of Contract Issue" or the "Breach of Contract Claim"), (2) whether the portion of the Plaintiffs' claim against the Debtor that is attributable to post-judgment, pre-petition interest is also nondischargeable, or alternatively, whether only the $125,000 principal amount of the Stipulated Judgment is nondischargeable (the "Post-Judgment Interest Issue"), and (3) whether, given the Court's finding that the Debtor's debt to the Plaintiffs is non-dischargeable under §523(a), the Plaintiffs intended to proceed with their §523(a)(6) claim (the "§523(a)(6) Claim" and together with the Breach of Contract Issue and the Post-Judgment Issue, the "Remaining Issues").

      For the reasons discussed herein, the Court finds that (1) the Revived Judgment in the amount of $234,838.94 plus post-judgment, pre-petition interest accrued thereon is nondischargeable under §523(a)(2)(A) of the Bankruptcy Code, (2) the Debtor's right to offer any evidence supporting offset, credit against, or reduction of the nondischargeable debt due to Plaintiffs' alleged breach of contract is barred by the governing statute of limitations, and (3) the Court need not address the §523(a)(6) Claim because, having obtained a determination that the Revived Judgment is nondischargeable under §523(a)(2)(A), the Plaintiffs have advised that they will voluntarily dismiss Count II because the relief sought thereunder is duplicative and therefore unnecessary.[3]

---

[3] See Bankr. Docket No. 62., at Section II(F).

2

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2023, the Court held a telephonic status conference in anticipation of trial on the Remaining Issues. The Court set October 20, 2023, as the deadline for the Parties to file a statement of stipulated facts and disputed issues of law and set a trial date for November 6, 2023. On October 20, 2023, the Parties filed a statement of stipulated facts and remaining disputed issues of law (the "Stipulated Facts and Issues of Law") identifying the following disputed issues of law (the "Disputed Legal Issues"):

> 1. Whether the portion of the Sethnas' claim against Brown that is attributable to post-judgment, pre-petition interest accrued under and pursuant to Pennsylvania statutory law is also nondischargeable or, alternatively, whether only the amount of the Sethnas' Stipulated Judgment against Brown is nondischargeable.

> 2. Whether post-judgment, pre-petition interest should be calculated based on the amount of the Stipulated Judgment or the amount of the Revived Judgment.

> 3. Whether the Sethnas waived their right to enforce the Settlement Agreement if Brown can prove at trial that the Sethnas breached their obligations under the Settlement Agreement by failing to give Brown access to the Sethnas' property to make repairs.

> 4. Whether Brown waived the legal argument referenced in Paragraph 2 hereof for failing to raise it in opposing to the Sethnas' Motion for Summary Judgment, which was granted, in partial part, by this Court's dated March 3, 2023, Order.

> 5. Whether, under the terms of the Settlement Agreement, the Sethnas' claim that the Stipulated Judgment, plus accrued post-judgment, pre-petition interest, is nondischargeable constitutes enforcement of the Settlement Agreement.

> 6. Whether the legal fees component of the Stipulated Judgment is dischargeable.

> 7. Whether Brown waived the legal argument referenced in Paragraph 5 hereof for failing to raise it in opposition to the Sethnas' Motion for Summary Judgment, which was granted, in partial part, by this Court's March 3, 2023, Order.[4]

Shortly thereafter, on October 24, 2023, the Parties submitted a letter contending that each of the Disputed Legal Issues were ripe for disposition as a matter of law and requesting

---

[4] Adv. Pro. Docket No. 56., at P. 4.

the opportunity to brief those issues to allow both the Court and the Parties to avoid the time and expense associated with a trial.[5]

The Court granted the Parties' request at a subsequent hearing and on December 15, 2023, the Parties each submitted a supplemental memorandum (the "Plaintiffs' Supplemental Memorandum"[6] and the "Defendant's Supplemental Memorandum"[7]) on the Disputed Legal Issues. In the Defendant's Supplemental Memorandum, the Debtor asserted, in relevant part, that the Plaintiffs breached the underlying Settlement Agreement, thereby waiving their right to enforce it and entitling the Debtor to a reduction or setoff against the full amount of the Revived Judgment. In the Plaintiffs' Supplemental Memorandum, the Plaintiffs argued that they are not seeking to enforce the Settlement Agreement by the nondischargeability action. Rather, they are seeking a determination that the Revived Judgment is nondischargeable. Approximately one month later, as directed, the Parties submitted supplemental replies (the "Plaintiff's Supplemental Reply" and the "Defendant's Supplemental Reply" and together, the "Parties' Supplemental Replies").[8]

On March 7, 2024, the Court held a status hearing (the "Status Hearing") where the Debtor advised that Disputed Legal Issues numbers 1, 2, 4, 6, and 7 were no longer in dispute and that the only remaining issues for the Court to determine were Disputed Legal Issue number 3 (whether the Plaintiffs waived their right to enforce the Settlement Agreement if Brown could prove at trial their failure to provide access to the property), and number 5 (whether the Plaintiffs' nondischargeability claim constitutes enforcement of the Settlement

---

[5] Adv. Pro. No. 57.
[6] Adv. Pro. No. 62.
[7] Adv. Pro. No. 61.
[8] Adv. Pro. Docket Nos. 64, 66.

4

Agreement). After the Status Hearing, the Court took those two issues under advisement.[9]

## III. DISCUSSION

Although the Parties have framed Disputed Legal Issue numbers 3 and 5 differently, the matter before the Court remains the same: the Breach of Contract Issue set forth in the Partial Summary Judgment Order. Namely, whether the Debtor is entitled to offer evidence at a trial on his claim that the Plaintiffs breached the Settlement Agreement, thereby requiring a reduction of the nondischargeable Revived Judgment.[10] The Plaintiffs contend that the Debtor is not entitled to present evidence on the Breach of Contract Claim because (1) it is a counterclaim, not an affirmative defense, and is (2) time-barred by the governing Pennsylvania statute of limitations.

### A. The Breach of Contract Issue is a Counterclaim, Not an Affirmative Defense.

The Parties dispute whether the Debtor's Breach of Contract Claim is an affirmative defense, or alternatively, a counterclaim. In the Plaintiff's Supplemental Reply, the Plaintiffs argue that the Debtor's assertion that he is entitled to an offset is properly characterized as a counterclaim, and, because it is a counterclaim, it is time-barred under Pennsylvania's statute of limitations for contract actions.[11] At the Status Hearing, the Debtor responded to this argument and asserted that the claim is not a counterclaim, but is an affirmative defense to the Plaintiffs' nondischargeability claim. Notably, the Debtor's argument underlying the Breach of Contract Claim mirrors the claim the Debtor asserted in an action he brought against the Plaintiffs on November 18, 2010 in the Court of Common Pleas of Philadelphia County, alleging that the Plaintiffs breached the Settlement Agreement in December of 2008 by failing to give the Debtor

---

[9] Adv. Pro. Docket No. 69.
[10] The Debtor does not dispute that the Revived Judgment was entered, nor does he dispute the nondischargeability of the Revived Judgment.
[11] Adv. Pro. No. 66., at P. 4.

5

access to the property to make the necessary repairs.[12] The Debtor subsequently withdrew that action, without prejudice, on March 21, 2011 (the "Withdrawn Lawsuit"),[13] but did not refile or otherwise pursue it thereafter.

The Third Circuit has explained that an affirmative defense is a "matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to plaintiff's claim which attacks the plaintiff's [legal] right to bring an action, as opposed to attacking the truth of the claim." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B.*, 28 F.3d 376, 394 (3d Cir. 1994). Further, the Third Circuit has defined a counterclaim as "[a] claim presented by a defendant in opposition to or deduction from the claim of the plaintiff. *Id.* at 393. Moreover, as argued in the Plaintiffs' Supplemental Reply, in assessing whether an assertion was a counterclaim or an affirmative defense, courts have asked whether the assertion would continue as an "independently viable cause of action that keeps [the] matter open." *G.W. v. Ringwood Bd. of Educ.*, 2022 WL 4132037, at *5 (D.N.J. Sept. 9, 2022). If the answer is no, then that assertion would be considered an affirmative defense. *Id.* Here, the Debtor has asserted the Breach of Contract Claim "in opposition to or deduction from the claim of the plaintiff." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B*. The Debtor contends that the nondischargeable Revived Judgement should be reduced or completely disallowed based upon Plaintiffs' alleged breach of the Settlement Agreement. This claim is not an affirmative defense because it is *not a defense to the Plaintiffs right to assert the claim*. Rather, as evidenced by the Withdrawn Lawsuit, the Debtor's Breach of Contract Claim can stand on its own, independent of the Plaintiffs' nondischargeability claim. As such, the Breach of Contract Claim is a counterclaim, not an affirmative defense.

---

[12] Adv. Pro. No. 56. at Exhibit 1.
[13] Adv. Pro. No. 56., at Exhibit 3.

B.    **The Breach of Contract Claim is Barred by the Statute of Limitations**

The Settlement Agreement is a valid and enforceable contract between the Debtor and the Plaintiffs.[14] As set forth in Paragraph 15 of the Settlement Agreement, the Parties agreed that the Settlement Agreement would be bound and interpreted in accordance with Pennsylvania law. Under Pennsylvania law, except under certain circumstances, a breach of contract claim must be brought within four (4) years after the alleged breach. 42 Pa.C.S.A. § 5525; *Colonial Assur. Co. v. Mercantile & Gen. Reinsurance Co. Ltd.*, 297 F.Supp.2d 764, 770 (E.D. Pa. 2003) (citing Pennsylvania law that the statute of limitations for breach of contract is four years and that breach of accrues at the time of breach).

Here, the Debtor alleges the Plaintiffs breached the Settlement Agreement in December of 2008 by failing to give the Debtor access to the property to make the necessary repairs. This is the same claim he made against the Plaintiffs in the Withdrawn Lawsuit. The Debtor had until December 2012 to bring an action for the Plaintiffs' alleged breach. The Debtor failed to bring a new action by that deadline, and his current attempt to challenge or reduce the Revived Judgment asserting the Breach of Contract Claim is now time-barred. Since the Debtor's claim is time-barred, he cannot now offer evidence to offset the amount of the Revived Judgment. Therefore, the Revived Judgment plus the post-judgment and pre-petition interest accrued thereon is nondischargeable without offset, credit against, or reduction of any kind.

IV.    **CONCLUSION**

For the reasons set forth above, the Court finds that (1) the Revived Judgment in the full amount of $234,838.94 plus post-judgment, pre-petition interest accrued thereon is nondischargeable under §523(a)(2)(A) of the Bankruptcy Code, (2) the Debtor's right to offer

---

[14] See Partial Summary Judgment Order, Paragraph 5.

7

any evidence of offset, credit against, or reduction of the nondischargeable debt is barred by the governing statute of limitations, and (3) the Court need not address the §523(a)(6) Claim because, having obtained a determination that the Revived Judgment is nondischargeable under §523(a)(2)(A), the Plaintiffs have represented that they will voluntarily dismiss Count II because the relief sought thereunder is duplicative and therefore unnecessary.[15]

An order consistent with this Memorandum will be issued.

Dated: July 31, 2024

_____
Judge Magdeline D. Coleman
United States Bankruptcy Court

---

[15] See Bankr. Docket No. 62. at Section II(F).